IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal Action No. 3:18cr138

JEREMY DURAND LEWIS,

            Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Jeremy Durand Lewis's Motion for

Compassionate Release pursuant to Section 603(b) of the First Step Act (the "Motion"). (ECF

No. 34.) The United States responded in opposition, (the "Opposition"), (ECF No. 39), and

Lewis replied, (the "Reply"). (ECF No. 42). The matter is ripe for disposition. The Court

dispenses with oral argument because the materials before it adequately present the facts and

legal contentions, and argument would not aid the decisional process. For the reasons that

follow, the Court will grant the Motion.

## I.  Background

On November 13, 2018, the United States filed a five-count Indictment against Lewis,

charging him with one count of Conspiracy to Make False Statements in Connection with the

Acquisition of Firearms, in violation of 18 U.S.C. § 371; three counts of False Statement in

Connection with Acquisition of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2);

and one count of False Material Statement, in violation of 18 U.S.C. § 1001. (ECF No. 3.) On

January 9, 2019, Lewis pled guilty to Count Four of the Indictment, which charged him with

Making a False Statement in Connection with the Acquisition of a Firearm. (ECF No. 17.)

Pursuant to the Sentencing Guidelines, Lewis's offense level of 12 and criminal history category

VI[1] suggested a sentence between 30 to 37 months' imprisonment and one to three years of supervised release. (Presentence Report "PSR" ¶¶ 119–20; ECF No. 21.)

On April 24, 2019, this Court sentenced Lewis at the low end of the Guidelines range and imposed a term of 30 months' imprisonment and three years of supervised release. (J. 2, ECF No. 28.) Lewis is currently housed at FCI Beckley.[2] (Opp'n 1 n.1, ECF No. 55.) The Bureau of Prisons ("BOP") states that Lewis will be released on January 2, 2021. *See* Bureau of Prisons, *Fed. Inmate Locator*, https://www.bop.gov/inmateloc/.

On September 12, 2020, Lewis filed the instant Motion for Compassionate Release. (Mot., ECF No. 34.) In the Motion, Lewis describes the current public health crisis caused by COVID-19. (*See e.g.*, *id.* 2–4, 11–18.) Lewis, currently thirty-six-years old, contends that his "obesity and his history of high blood pressure that the Bureau of Prisons is not treating" render him eligible for release. (Mot. 1.) Lewis avers that upon his release, he "will return to live with his wife and mother in his mother's home in North Chesterfield, Virginia." (Mot. 26.) Lewis

---

[1] The PSR calculated fourteen criminal history points for Lewis placing him in criminal history category VI. (PSR ¶ 64.) Ten of Lewis's criminal history points rest on non-violent traffic offenses deriving from his inability to pay court costs and fines and one instance of failure to appear. (PSR ¶¶ 48–61.) As Lewis observes in his Reply, Virginia has since abolished the practice of charging people for crimes when they drive on a suspended license because they cannot afford to pay the associated court costs or fees. (Reply 17, ECF No. 42.) This change in Virginia law occurred after Lewis's April 2019 sentencing. Lewis received one criminal history point for carrying a concealed weapon and one criminal history point for assault and battery. (PSR ¶¶ 53, 61.) Lewis received an additional two points for committing the instant offense while under a three year period of good behavior for a conviction for failing to appear in Richmond General District Court. (PSR ¶ 63.)

Had driving offenses not been part of his criminal history (*see* PSR ¶¶ 44, 45, 48–50, 52), his criminal history points total would have been six, resulting in criminal history category III. Based on an offense level of 12 and criminal history category III, Lewis likely would have faced a Guidelines range of 15–21 months' imprisonment. U.S. SENT'G GUIDELINES Manual Ch. 5, Part A, Sentencing Table (U.S. Sent'g Comm'n 2018).

[2] The Bureau of Prisons currently reports twenty-four COVID-19 case at FCI Beckley. *See* Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/

states that his wife and mother "can support Mr. Lewis upon his release until he is able to once against start earning money through his trucking business. Mr. Lewis's wife anticipates being able to add him to her health insurance plan." (*Id.*) Prison records attached to his Motion indicate that Lewis has not committed any disciplinary infractions while incarcerated and that he has engaged in many educational and rehabilitative programs. (ECF No. 34–1.)

The United States agrees that Lewis "has exhausted his administrative remedies within the meaning of the statute and suffers from ailments that qualify as extraordinary and compelling reasons, [but that] the Court should exercise its discretion to deny his release." (Opp'n 1, ECF No. 39.)

## II. Legal Standard: Compassionate Release Under the First Step Act of 2018

In 2018, Congress enacted the First Step Act to provide incarcerated individuals the opportunity to directly petition the courts for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[3] Prior to the First Step Act in 2018, the BOP had the sole authority to petition the court for sentence modifications on compassionate release grounds. *Coleman v. United*

---

[3] Section 3582(c)(1)(A) states:

The court may not modify a term of imprisonment once it has been imposed except that— (1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

*States*, No. 4:17-cr-69, 2020 WL 3039123, at *1 (E.D. Va. June 4, 2020).  Following enactment

of the First Step Act, criminal defendants may petition courts on their own initiative to modify

their sentences if "extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting

18 U.S.C. § 3582(c)(1)(A)(i)).  Before granting a reduction, courts must consider the factors set

forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A), and evidence of rehabilitation and

other post-conviction conduct. *See United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir.

2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in

the context of a sentence reduction sought pursuant to § 3582(c)(2)).

### A.      Exhaustion of Administrative Remedies

Although the Court generally cannot "modify a term of imprisonment once it has been

imposed," the defendant may bring a motion to modify his or her sentence "after the defendant

has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier. . . ."  18 U.S.C. § 3582(c)(1)(A).

"Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or

her administrative remedies prior to bringing a motion before the district court." *Casey v. United

States*, No. 4:18-cr-4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020).

The court may waive the exhaustion requirement, however, in certain circumstances.

*United States v. Jones*, No. 3:11-cr-249, ECF No. 47, at *2–3 (E.D. Va. Apr. 3, 2020) (Lauck, J.)

Courts may waive exhaustion if: "pursuing an administrative remedy would be futile[,]"

"'exhaustion via the agency review process would result in inadequate relief[,]' or 'pursuit of

agency review would subject the petitioner to undue prejudice.'" *United States v. Robinson*, No.

3:10cr261, 2020 WL 4041436, at *3 (E.D. Va. July 17, 2020) (Lauck, J.) (quoting *Poulios v. United States*, No. 2:09-cr-109, 2020 WL 1922775, at *1 (E.D. Va. Apr. 21, 2020) (Jackson, J.)).

Throughout the country, courts have found the coronavirus pandemic, combined with a vulnerable defendant with underlying health conditions, implicates all three exceptions justifying a waiver of the exhaustion requirement. *See United States v. Zukerman*, 451 F. Supp. 3d 329, 332–33 (S.D.N.Y. 2020) (holding that defendant's elderly age and serious health conditions warrant a waiver of exhaustion requirements because of the ongoing risk of infection while incarcerated); *United States v. Perez*, 451 F. Supp. 3d 288, 293 (S.D.N.Y. 2020) (waiving the exhaustion requirement because exhaustion would be futile as defendant would not see thirty days lapse before his release date).

### B.       Courts Must Find Extraordinary and Compelling Reasons Justifying Compassionate Release

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission further defines "extraordinary and compelling reasons."[4] U.S.S.G. § 1B1.13, n.1; *see United States v. Kalivretenos*, No. 1:15-cr-00073, ECF No. 109, at *4 (E.D. Va. May 21, 2020). The Sentencing Commission identifies four instructive categories of extraordinary and compelling reasons that allow for a sentence to be modified: the

---

[4] The United States Court of Appeals for the Fourth Circuit recently explained in an unpublished decision that "[t]he Sentencing Commission's policy statements . . . control the disposition of [compassionate release motions], and not the BOP program statements, based on Congress' statutory directives." *United States v. Taylor*, No. 20-6575, 2020 WL 5412762, at *1 (4th Cir. Sept. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); 28 U.S.C. § 994(t)).

petitioner's medical condition, age, family circumstances, and other reasons.  U.S.S.G. § 1B1.13, n.1 (A)–(D).[5]  However, a petitioner's rehabilitation alone does not provide sufficient grounds to warrant a sentence modification.  28 U.S.C. § 994(t).

As a result of the coronavirus outbreak, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (citing *United States v. Dungee*, No. 7:15-cr-0005, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020); *United States v. Edwards*, 6:17-cr-0003, 2020 WL 1650406, at *5 (W.D. Va. Apr. 2, 2020)). Several courts have held that "the fear of contracting a communicable disease" alone cannot be considered an "extraordinary and compelling reason" to justify a sentence modification. *Id.* (citing *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) (internal quotation marks and emphasis omitted)).

---

[5] The United States Sentencing Guideline § 1B1.13 provides that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

**C.     Courts Must Weigh the Statutory Sentencing Factors Before Granting Compassionate Release**

Even after finding a sufficient "extraordinary and compelling reason" for compassionate release, the Court must then consider the § 3553(a) factors and any relevant postconviction conduct before modifying a defendant's sentence.  18 U.S.C. § 3582(c)(1)(A).  The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  The Court also must consider "the need for the sentence imposed to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2).  The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense.  18 U.S.C. § 3553(a)(4).

The Guidelines policy statement concerning compassionate release further instructs Courts to consider the 18 U.S.C. § 3142(g) factors.  U.S.S.G. § 1B1.13.  These include "the nature and circumstances of the offense charged . . . ; the history and characteristics of the person . . . ; [and,] the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

### III.  Analysis

After due consideration, the Court will grant the Motion.  The Court first determines that Lewis has sufficiently exhausted his administrative remedies.  (*See* Opp'n 11 (recognizing that Lewis exhausted his administrative remedies).)

Next, the Court finds that Lewis's health conditions raise serious concerns about his well-being should he contract COVID-19 while incarcerated, making him eligible for compassionate release consideration.  *See Robinson*, 2020 WL 4041436, at *5 ("While the relationship between hypertension and severe illness from COVID-19 is one battleground in this unsettled and rapidly

7

evolving area of scientific research, it is undisputed that hypertension is one of the most common 'comorbidities' in people who experience severe cases of COVID-19.") (internal quotation marks and citation omitted). In its Opposition, the United States concedes that Lewis "suffers ailments that qualify as extraordinary and compelling reasons." (Opp'n 1.) Lewis appropriately identifies in his Reply that the United States does not challenge that "his health conditions present extraordinary and compelling circumstances." (Reply 2.) Because Lewis's medical conditions make him eligible for compassionate release consideration, the Court turns to statutory sentencing factors and the Guidelines policy statement.

After considering the relevant statutory sentencing factors and the policy statement, the Court will grant the Motion. Pursuant to USSG § 1B1.13, the Court must consider whether extraordinary and compelling reasons warrant the reduction, whether the defendant is a danger to the safety of any other person or to the community as provided in § 3142(g), and whether the reduction is consistent with the policy statement. Upon review, Lewis's largely non-violent criminal history and underlying conviction demonstrate that he does not present a threat to the public and that conditions of release will assure the safety of the community. Looking to the § 3142(g) factors, Lewis's repeated traffic offenses stemming from his inability to pay court fees and fines do not suggest that he presents a danger to himself or the community. The Court acknowledges that the conduct underlying Lewis's offense was undoubtedly serious, as he was one of several unconnected individuals who acted as a straw purchaser for seven firearms at the request of one main perpetrator and he warned that perpetrator once contacted by law enforcement. Nevertheless, Lewis's overall record and the nature and circumstances of Lewis's offense weigh in favor granting him compassionate release.

8

Turning to the § 3553(a) factors, Lewis has served nearly 90 percent of his 30 month sentence, which affords adequate deterrence to his criminal conduct. The sentencing factors also include considerations of public safety and whether his sentence promotes respect for the law. Here, Lewis's previous criminal history, largely non-violent traffic offenses, and the fact that he has completed the majority of his 30–month sentence favor granting relief.

Lewis further contends that his Motion should be granted because he has engaged in post-offense rehabilitation, specifically that he completed educational classes and because he has a viable release plan. (Mot. 3.) In *United States v. Martin*, the Fourth Circuit vacated and remanded the District Court's denial of both defendants' motions to reduce sentence because the District Court failed to address any new mitigating evidence when denying the motions. 916 F.3d 397–98. The Fourth Circuit explained that if an individual is eligible for a sentence reduction, the District Court must give weight to the person's "past transgressions" as well as "the multitude of redemptive measures that [the person] has taken." *See id.* at 397. Lewis's prisons records show that he has engaged seriously in rehabilitation efforts and has not committed disciplinary infractions while incarcerated. (ECF No. 34-1.) Lewis has completed his drug education course, paid his special assessment, and has worked toward obtaining his GED. (*Id.*) The Court commends his efforts and hopes that he continues to strive for personal improvement.

In sum, the record before the Court warrants granting compassionate release.

## IV. Conclusion

For the reasons explained above, the Court will grant the Motion. (ECF No. 34.)

/s/
M. Hannah Lauck
United States District Judge

Date: 10-13-20
Richmond, Virginia

10